J. RANDALL JONES, ESQ. (#1927)
MICHAEL J. GAYAN, ESQ. (#11135)
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Parkway, 17th Fl.
Las Vegas, Nevada 89169
Ph.: (702) 385-6000
Fax: (702) 385-6001
m.gayan@kempjones.com

*Attorneys for Defendants Tong Shiping,
Cheng Weihong, Meng Dong, LV Fuqi,
Yu Jun, Bai Shaohua, Xinwei Wang, and
Lili Yang*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BARNA CAPITAL GROUP LTD, a Cyprus Entity, derivatively on behalf of CHINA AUTO LOGISTICS, INC., a Nevada Corporation<br><br>Plaintiffs,<br><br>v.<br><br>TONG SHIPING, an Individual; CHENG WEIHONG, an Individual; HOWARD BARTH, an Individual; MENG DONG, an Individual; LV FUQUI, an Individual; YU JUN, an Individual; BAI SHAOHUA, an Individual; XINWEI WANG, an Individual; LILI YANG, an Individual; LISI GROUP (HOLDINGS) LTD, a Bermuda Limited Liability Company; MEGA CONVENTION GROUP LIMITED, a British Virgin Islands Limited Liability Company; TIANJIN BINHAI CAR CITY, LTD., a company established in the Peoples Republic of China; MIGHTY MARK INVESTMENTS, a British Virgin Islands Corporation; TIANJIN CALISTAR AUTOMALL OPERATION MANAGEMENT CO., LTD., a limited company established in the Peoples Republic of China; CALISTAR AUTOMOBILE SALES AND SERVICES, LTD., a limited company established in the Peoples Republic of China; TIANJIN CALISTAR INDUSTRIAL COMPANY, LTD., a limited company established in the Peoples | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**[DIVERSITY JURISDICTION]** |

Republic of China; WORLD VAST INTERNATIONAL ENTERPRISE LIMITED, a Hong Kong Limited Liability Company; TIANJIN BOHAI CAR SUPPLY CHAIN MANAGEMENT CO. LTD., a limited company established in the Peoples Republic of China,

                Defendants.

And

CHINA AUTO LOGISTICS, INC., a Nevada Corporation, nominal Defendant.

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants Tong Shiping, Cheng Weihong, Meng Dong, Lv Fuqui, Yu Jun, Bai Shaohua, Xinwei Wang, and Lili Yang (the "Individual Defendants") hereby file a Notice of Removal for the above-captioned action to this Court.

In further support of this Notice, the Individual Defendants state as follows:

1. The Individual Defendants are named in Civil Action No. A-18-772474-B filed in the Eighth Judicial District Court of Clark County, Nevada (the "State Court Action").

2. The Complaint in the State Court Action was filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada on April 6, 2018.

3. This Court is the proper district court for removal because the Eighth Judicial District Court of Clark County, Nevada is located within the District of Nevada.

4. The Individual Defendants all are current or former directors or officers of nominal defendant China Auto Logistics, Inc. ("CALI"), a Nevada corporation.

5. Plaintiff served the Individual Defendants pursuant to N.R.S. 75.160, Nevada's director service statute. The director service statute provides that service on a "management person," which includes directors and officers, is complete after service of process on the management person is first provided to the entity's registered agent and then the clerk of court mails true and attested copies of the service papers to the management person. N.R.S. 75.160(2), (7). Plaintiff served CALI

via its registered agent on August 6, 2018. Plaintiff served CALI's registered agent (to the attention of the Individual Defendants) on January 23, 2019. The Clerk mailed the required notice to the attention of the Individual Defendants on January 24, 2019, and the Individual Defendants were served on that date, *i.e.*, January 24, 2019.

6. This Notice is being filed within thirty days after the Individual Defendants were served with a copy of the Complaint, which was Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

7. At this time, only the Individual Defendants and CALI have been served. All Defendants served with the Complaint in the State Court Action consent to removal. As discussed below, CALI's consent is not required for removal. In any event, CALI consents to remove this action to federal court, as indicated by its Consent, which is attached as Exhibit A. Because the other defendants have not been served, their consent is not required. 28 U.S.C. § 1446(b)(2)(A).

8. CALI is a company engaged in the business of exporting luxury vehicles to China and reselling them in that country. Plaintiff alleges to be a stockholder of CALI, and Plaintiff asserts purported derivative claims on behalf of CALI, alleging that the Individual Defendants and Defendant Howard Barth breached the fiduciary duties they owed as directors and/or officers to CALI. *See e.g.*, Ex. B at ¶4.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Cypress, *id.* at ¶28, and the remaining defendants all are citizens of countries or states other than Cypress. *Id.* at ¶1. CALI is a Nevada corporation. *Id.* at ¶4. The Individual Defendants all are citizens of the People's Republic of China. *Id.* at ¶¶30-32, 34-38. With the exception of Howard Barth, the unserved defendants all are entities domiciled in foreign countries

3

other than Cypress.[1] Howard Barth, the remaining unserved defendant, is a citizen of Canada. *Id.* at ¶33.

10. The Complaint alleges millions of dollars in damages. *Id.* at ¶¶5, 63-65. Accordingly, the amount in controversy exceeds $75,000.

11. Finally, the limitations of 28 U.S.C. § 1441(b)(2) do not apply here. Nominal defendant CALI is a Nevada corporation, but Plaintiff's Complaint alleges derivative claims asserted in CALI's name. "In determining citizenship for purposes of diversity jurisdiction . . . the court must arrange the parties according to their actual sides in the dispute. In derivative actions like this one, the corporation 'is the real party in interest and usually properly aligned as plaintiff.'" *Gartner v. Pyatt*, No. 2:16-cv-00553-JAD-CWH, 2016 WL 7007493, at *2 (D. Nev. Nov. 29, 2016) (quoting *In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008)). Accordingly, CALI properly is considered a plaintiff in this action for purposes of jurisdiction, and the forum defendant rule does not apply. *See id.* at *2-3 (finding that resident corporation properly was aligned as a plaintiff in a derivative action and permitting removal).[2]

---

[1] The unserved defendants are: (1) LISI Group (Holdings) LTD, a Bermuda limited liability company; (2) Mega Convention Group LTD, a British Virgin Islands limited liability company; (3) Tianjin Binhai Car City, LTD, a company established in the People's Republic of China; (4) Mighty Mark Investments, a British Virgin Islands corporation; (5) Tianjin Calistar Automall Operation Management Co., LTD, a limited liability company established in the People's Republic of China; (6) Calistar Automobile Sales and Services, LTD, a limited liability company established in the People's Republic of China; (7) Tianjin Calistar Industrial Company, LTD, a limited liability company established in the People's Republic of China; (8) World Vast International Enterprise Limited, a Hong Kong limited liability company; and (9) Tianjin Bohai Car Supply Chain Management Co. LTD, a limited liability company established in the People's Republic of China. Ex. B at ¶¶39-47. (Several of the Complaint's allegations differ from its caption. For example, the Complaint captions LISI as a Bermuda limited liability company, but alleges that LISI is a Hong Kong corporation. *Id.* at ¶39. In either event, LISI is diverse to Plaintiff. Mighty Mark Investments is captioned as a corporation, but alleged to be a limited liability company. *Id.* at ¶43. That distinction also does not affect the appropriateness of removal.)

[2] Because CALI must be realigned as a plaintiff for purposes of jurisdiction, its consent to removal is not required under 28 U.S.C. § 1446(b)(2)(A).

12. Pursuant to 28 U.S.C. 1446(a), attached hereto as Exhibits B–T are true and correct copies of all substantive records and proceedings from the State Court Action.

13. Pursuant to 28 U.S.C. § 1446(d), the Individual Defendants shall file a copy of this Notice of Removal with the Clerk of the State Court Action, and shall serve Plaintiff through his attorney of record in the State Court Action with this Notice promptly after its filing.

14. By filing this Notice of Removal, the Individual Defendants do not waive any defense to the Complaint, including, but not limited to, lack of service, improper service, or lack of personal jurisdiction.

WHEREFORE, the Individual Defendants notice the removal of this case to the District of Nevada pursuant to 28 U.S.C. §1441 *et seq*.

DATED this 28th day of January, 2019.

                                      Respectfully submitted,

                                      KEMP, JONES & COULTHARD, LLP

                                      */s/ Michael Gayan*
                                      J. Randall Jones, Esq. (#1927)
                                      Michael J. Gayan, Esq. (#11135)
                                      3800 Howard Hughes Parkway, 17th Fl.
                                      Las Vegas, Nevada 89169

                                      *Attorneys for Defendants Tong Shiping, Cheng Weihong, Meng Dong, LV Fuqi, Yu Jun, Bai Shaohua, Xinwei Wang, and Lili Yang*

# PROOF OF SERVICE

I hereby certify that on the 28th day of January, 2019, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441** via the United States District Court's CM/ECF electronic filing system addressed to the following counsel:

| | |
|---|---|
| John P. Aldrich<br>Aldrich Law Firm, Ltd.<br>1601 S. Rainbow Blvd., Suite 160<br>Las Vegas, NV 89146<br>jaldrich@johnaldrichlawfirm.com<br>*Attorney for Plaintiff Barna Capital Group Ltd* | Jason M. Kerr, Esq.<br>Ronald F. Price, Esq.<br>Price Parkinson & Kerr, PLLC<br>5742 West Harold Gatty Dr.<br>Salt Lake City, UT 84116<br>jasonkerr@ppktrial.com<br>ronprice@ppktrial.com<br>*Attorney for Plaintiff Barna Capital Group Ltd* |
| Pat Lundvall, Esq.<br>Rory T. Kay, Esq.<br>McDonald Carano, LLP<br>2300 West Sahara Ave., Suite 1200<br>Las Vegas, NV 89102<br>plundvall@mcdonaldcarno.com<br>rkay@mcdonaldcarano.com<br>*Attorneys for Nominal Defendant China Auto Logistics, Inc.* | Paul Walsen, Esq.<br>Nicole C. Mueller, Esq.<br>K&L Gates LLP<br>70 West Madison St., Suite 3100<br>Chicago, IL 60602-4207<br>paul.walsen@klgates.com<br>nicole.mueller@klgates.com<br>*Attorneys for Nominal Defendant China Auto Logistics, Inc.* |
| Jeffrey F. Barr, Esq.<br>Lee I. Iglody, Esq.<br>Ashcraft & Barr LLP<br>2300 West Sahara Ave., Suite 900<br>Las Vegas, NV 89102<br>barrj@ashcraftbarr.com<br>iglodyl@ashcraftbarr.com<br>*Attorneys for Defendant Howard Barth* | Joni Jacobsen, Esq.<br>Christopher S. Burrichter, Esq.<br>Dechert LLP<br>35 West Wacker Dr., Suite 3400<br>Chicago, IL 60601<br>joni.jacobsen@dechert.com<br>christopher.burrichter@dechert.com<br>*Attorneys for Defendant Howard Barth* |

/s/ Pamela Montgomery
An employee of Kemp, Jones & Coulthard, LLP

| Index of Exhibits | | |
|---|---|---|
| Exhibit | Description | Pages |
| A | CALI's Consent to Removal | 2 |
| B | Complaint, filed on April 6, 2018 | 69 |
| C | Ex Parte Motion to Enlarge Time to Effectuate Service of Process, filed on August 6, 2018 | 10 |
| D | Affidavits of Service for China Auto Logistics, Inc., the Individual Defendants, and Howard Barth, filed on August 7, 2018 | 10 |
| E | Order Granting Ex Parte Motion to Enlarge Time to Effectuate Service of Process, filed on August 22, 2018 | 3 |
| F | Notices of Entry of Defaults for China Auto Logistics, Inc., the Individual Defendants, and Howard Barth, filed on September 11, 2018 | 60 |
| G | Individual Defendants' Motion to Set Aside Defaults, filed on September 28, 2018 | 8 |
| H | Business Court Civil Coversheet, filed on October 1, 2018 | 1 |
| I | Peremptory Challenge of Judge, filed on October 1, 2018 | 3 |
| J | Plaintiff's Opposition to Individual Defendants' Motion to Set Aside Defaults, filed on October 22, 2018 | 89 |
| K | Nominal Defendant China Auto Logistics, Inc.'s Motion to Set Aside Default, filed on October 24, 2018 | 44 |
| L | Reply in Support of Individual Defendants' Motion to Set Aside Defaults, filed on November 8, 2018 | 9 |
| M | Plaintiff's Opposition to China Auto Logistics, Inc.'s Motion to Set Aside Default, filed on November 13, 2018 | 89 |
| N | Nominal Defendant China Auto Logistics, Inc.'s Reply in Support of Motion to Set Aside Default, filed on November 27, 2018 | 5 |
| O | Order Granting Individual Defendants' Motion to Set Aside Defaults, filed on December 3, 2018 | 4 |

| **Index of Exhibits** ||| 
|---|---|---|
| Exhibit | Description | Pages |
| P | Order Granting Nominal Defendant China Auto Logistics, Inc.'s Motion to Set Aside Default, filed on December 27, 2018 | 2 |
| Q | Stipulation and Order to Set Aside Default, filed on January 7, 2019 | 2 |
| R | Notice of Entry of Order, filed on January 22, 2019 | 8 |
| S | Affidavits of Service for the Individual Defendants, filed on January 23, 2019 | 8 |
| T | Nominal Defendant China Auto Logistics, Inc.'s Motion to Dismiss, filed on January 23, 2019 | 25 |
| U | Notice of Compliance, filed on January 24, 2019 | 10 |